THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JEFFREY MANNEN, Defendant-Appellant.

Third District No. 75-413

Opinion filed February 23, 1977.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (David L. Thompson, of counsel), for appellant.

David DeDoncker, State's Attorney, of Rock Island (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

After a jury trial in the Circuit Court of Rock Island County defendant, Jeffrey Mannen, was convicted of the armed robbery of the Hard Times Tap in Moline, Illinois. He was sentenced to a term of imprisonment of not less than 4 nor more than 8 years.

On appeal defendant raises two issues: (1) Whether it was reversible

error for the trial court to allow the prosecutor to cross-examine defendant and defense witnesses beyond the scope of direct, and (2) whether defendant was proven guilty beyond a reasonable doubt.

An armed robbery of the Hard Times Tap in Moline occurred on February 12, 1975, at about 9:30 p.m. The bartender, Thomas McGrath followed and subdued one of the robbers later identified as Daniel Caughey. Daniel Caughey and his brother Chris Caughey each testified to participating in the robbery and to defendant Jeffrey Mannen's and his brother Mark Mannen's participation. The testimony of these witnesses indicated that defendant drove the getaway car and the other three entered and robbed the tavern.

Defendant testified in his own behalf and presented essentially an alibi defense between 6:45 p.m. to 1 a.m. on the evening of the robbery. His alibi was substantiated by several witnesses. The defendant denied knowing the Caughey brothers other than very casually and denied meeting with the Caughey brothers at their house between 3:30 and 4:30 p.m. on the afternoon of the robbery. Daniel and Chris Caughey had earlier testified to the afternoon meeting contrary to defendant's testimony. In rebuttal the State presented two witnesses who substantiated the earlier testimony of the Caughey brothers that defendant was present at their house in the late afternoon on the day of the robbery.

Defendant's primary contention is that it was reversible error for the prosecutor to inquire of defendant on cross-examination as to his activities earlier in the afternoon on February 12, 1975, which was beyond the scope of defendant's direct testimony concerning his alibi between 6:45 p.m. and 1 a.m. Defendant argues that the error was compounded when the State was allowed to present rebuttal testimony as to defendant's presence at the Caughey residence at approximately 3:30 or 4 p.m. on February 12, 1975.

■■ Cross-examination should be limited to the subject matter inquired into on direct examination. However it is proper on cross-examination to develop all circumstances within the knowledge of the witness which explain, qualify, discredit or destroy his direct testimony although they may incidentally constitute new matter which aids the cross-examiner's case. See Gard, Illinois Evidence Manual, Rules 471 and 473 (5th ed. 1963).

■■ Defendant argues that both the cross-examination of defendant and the State's rebuttal evidence were irrelevant because the time span in issue was between 6:45 p.m. and the time of the robbery at approximately 9:30 p.m. or 9:45 p.m., during which time defendant had an alibi. In our view the testimony as to defendant's presence at the Caughey residence between 3:30 p.m. and 4 p.m. on the day of the robbery is not so remote

in time as to constitute a collateral matter or to be irrelevant. Defendant had denied knowing either Daniel or Chris Caughey other than casually. The questioned cross-examination and rebuttal evidence discredited defendant's assertions that he had not taken part in the robbery and his alibi defense. Defendant cites *People v. Kirkwood* (1959), 17 Ill. 2d 23, 160 N.E.2d 766, to support his contentions. The cross-examination complained of there was held only to be harmless error. Even in a criminal case inquiry of collateral matters may be made on cross-examination for the limited purpose of testing the credibility of a witness. In the case at bar both Daniel and Chris Caughey had testified to knowing defendant, his meeting with them at their house, and his participation with them in the February 12, 1975, armed robbery. Defendant testified to the contrary, that he had not known the Caugheys very well and had not taken part in the robbery. Questioning him on the topic of the afternoon meeting before the robbery certainly questions defendant's credibility which was put in issue by his direct denial of facts testified to earlier by witnesses for the State. Defendant put his own credibility in issue by taking the stand and contradicting the State's evidence. The rebuttal testimony of the State further tested defendant's credibility. "It has been held that the latitude of cross-examination of even the defendant in a criminal case is controlled by the sound discretion of the trial court." (*People v. Somerville* (1967), 88 Ill. App. 2d 212, 220, 232 N.E.2d 115, 119.) The purpose of cross-examination is to obtain the truth. Trial court's have been allowed wide discretion in permissible cross-examination especially as to a defendant's credibility after he has testified and where some degree of relevancy is established. (*People v. Duncan* (1970), 127 Ill. App. 2d 305, 262 N.E.2d 274.) We do not believe that the trial court abused its discretion in permitting either the cross-examination or rebuttal testimony questioned here.

■■ ■ Defendant's second claim of error is that he was not proven guilty beyond a reasonable doubt. No useful purpose would be served by detailing all the evidence of defendant's guilt and the permissible inferences which the jury might draw. The ultimate issue was one of credibility of witnesses and was properly before the trier of fact to decide. We will not set aside the jury's verdict unless the evidence is so improbable as to raise a reasonable doubt as to defendant's guilt. (*People v. Novotny* (1969), 41 Ill. 2d 401, 244 N.E.2d 182.) Contradictory testimony merely affects the degree of credibility of witnesses and becomes a fact question for the jury. (*People v. Doss* (1975), 26 Ill. App. 3d 1, 324 N.E.2d 210.) The case of *People v. Glover* (1975), 27 Ill. App. 3d 827, 327 N.E.2d 310, is very similar to the instant case. It was there held that the verdict of the jury was amply justified by the evidence in the

record. The record, here, also supports the jury's verdict and establishes defendant's guilt beyond a reasonable doubt.

For the reasons stated the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.